In the Matter of the Assignment of ARTHUR E. BATEMAN for the Benefit of Creditors.

Claim of LEWIS CLEPHANE.*

(Argued March 7, 1895; decided March 19, 1895.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made April 2, 1894, which affirmed a judgment entered upon an order of Special Term confirming the report of a referee, which decided that the claimant above named was not entitled to participate in the distribution of the estate of Arthur E. Bateman, who had made an assignment to John A. Garver for the benefit of his creditors. The claim, as presented to the assignee, was for the value of certain bonds alleged to have been delivered to Bateman to secure the performance of certain conditions in a contract, which conditions had been performed and delivery of said bonds demanded by claimant prior to the assignment. To prove his case the claimant put in evidence a contract between himself and one Hood, whereby, in consideration of the sale of a railroad to him, Hood agreed to deliver to the claimant certain bonds. The referee found that the sale was made as proved, and that claimant received the consideration agreed upon, except the bonds in question here; that Bateman was not a party to the transaction, and never held any of the bonds belonging to claimant, and was not individually indebted to him.

The following is the opinion in full:

"There are said to be two questions of fact in this case, although involving quite inconsistent positions. One is whether Bateman held the ten bonds claimed as due to the plaintiff in the character of a bailee bound to deliver them; and the other whether he owed the bonds as a debt because he was the undisclosed principal in plaintiff's contract with Hood. Waiving for the present the inconsistency thus developed, it remains true that the referee's findings negative

---

*Reported below, 7 Misc. Rep. 633.

both the asserted facts, and are beyond our review because supported by evidence. They require attention, however, since they are more or less involved in objections taken to the referee's rulings upon the trial.

"It is first urged that proper evidence tending to show that Bateman was the real purchaser in plaintiff's sale of the railroad to Hood was erroneously excluded. To appreciate the referee's ruling we must recall the situation existing when it was made. Plaintiff's written claim put before the referee was wholly against Bateman as bailee. After stating the amount sought to be recovered, the plaintiff proceeds thus: 'Said Bateman, at the time of his assignment, held said bonds which had theretofore been delivered to him to secure the performance of certain conditions. Prior to his assignment, such conditions had been duly performed and the delivery of said bonds, coupons and interest had been duly demanded, but such delivery was not made.' If there was or could be the least doubt as to the meaning of this claim it was dissipated at the opening of the trial, for the first thing done on behalf of plaintiff was to put before the referee the affidavit of the plaintiff in which he tells his whole story and sets out in detail the facts and circumstances upon which he relies. In that paper Bateman is charged as bailee violating his duty, the written contract with Hood is annexed, and there is no pretense or suggestion of any other ground of liability. In this state of the case plaintiff called Bateman as a witness. On his direct examination he testified that he never had the bonds, and that the sale of the railroad was to Hood. The claimant then asked: 'State, if you can, the circumstances surrounding the agreement entered into by Lewis Clephane and one Peck, attorney in fact of Calvin Hood.' The evidence was objected to on the ground that the agreement was in writing, and is in evidence, and speaks for itself. The objection was sustained, and there was an exception. The ruling was clearly right. The offer itself was loose and broad, stating no purpose and confined to no point, obviously immaterial to any known issue in the case, and improper in the face of the writing itself. But the claimant now says he wanted to show that Bateman and not Hood was the real pur-

chaser. Then he should have said so. He should have made that offer. He should have stated the new and unsuspected and wholly inconsistent issue which he meant to interject into the case, and asked a ruling in the light of it. Not having done so, but concealing the purpose if he had it at all, he cannot now avail himself of it to defeat the ruling, perfectly proper and just under the circumstances which surrounded it, and when it was made. To hold otherwise would be to condone what would operate as a fraud upon the referee.

"Later Clephane himself was called as a witness and was asked: ' With whom did you conduct the negotiations leading up to that sale ?' That was objected to again and the objection was sustained. There was no exception; and if one had been taken the observations already made would again be applicable. There is a further answer to the criticism of these rulings contained in the opinion of the General Term, but, wholly independent of that, I think the claimant never put himself in position to raise the question of error upon which he now relies.

"What has been said is one answer to the claimant's exception which questioned the referee's refusal to admit an offered telegram. It preceded the sale of the road, and appeared to form an element of the negotiations ending in such sale, and there was no sufficient proof of the genuineness or authenticity of the paper. If such proof was possible by the method suggested in the testimony, it was not furnished.

"We discover no ground for reversal, and the judgment should be affirmed, with costs."

*William H. Stayton* for appellant.

*Matthew Hale* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.